IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTWON D. JENKINS,
No. 09778-025,

Petitioner,

vs.                                                              Case No. 18-cv-406-DRH

UNITED STATES MARSHALS,
and FEDERAL BUREAU of PRISONS,

Respondents.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner is a federal prisoner, and is currently incarcerated in the White County Jail. He brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Specifically, he challenges the detention order issued by this Court in February 2014, in *United States v. Jenkins*, Case No. 12-cr-30239-DRH.[1] (Doc. 1, p. 2). He claims that his continued detention is in violation of the Eighth and Fifth Amendments, and requests the Court to release him on bond. (Doc. 1, pp. 6, 8).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States

---

[1] The Court presumes that Petitioner is referring to the February 10, 2014, order (Doc. 170 in Case No. 12-cr-30239-DRH) signed by United States Magistrate Judge Donald G. Wilkerson, which denied his motion for bond or release prior to trial. Subsequent to that order, Petitioner was tried and convicted by a jury of kidnapping and using or carrying a firearm to commit a crime of violence, and has been in custody serving the sentences imposed for those convictions.

1

District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## Procedural History

Petitioner has been convicted in 2 separate cases in this Court, following a jury trial in each. In 2012, he was charged with kidnapping and using a firearm to commit a crime of violence (the kidnapping was the crime of violence). *United States v. Jenkins*, Case No. 12-cr-30239-DRH (kidnapping/firearm case); (Doc. 1-1, p. 1). In 2013, he was charged with possession with intent to distribute cocaine. *United States v. Jenkins*, Case No. 13-cr-30125-DRH (drug case); (Doc. 1-1, p. 2).

In the kidnapping/firearm case, Petitioner was sentenced in August 2014 to a total of 308 months (188 months on the kidnapping charge (Count I), and a consecutive 120-month sentence on the firearm charge (Count II)). However, in 2017 the firearm conviction was reversed on appeal. *United States v. Jenkins*, 849 F.3d 390 (7th Cir.), *reh'g denied* (Apr. 20, 2017). The appellate court found that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), kidnapping could not be considered a "crime of violence" under the unconstitutionally vague

Residual Clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(c)(3)(B) nor does it qualify as a violent crime under the Force Clause, § 924(c)(3)(A). The case was remanded to this Court for further proceedings in light of the reversal of the firearm conviction (Count II). The matter was set for resentencing, but is now stayed pending the outcome of the Government's petition for *certiorari* to the Supreme Court. (Doc. 337, Case No. 12-cr-30239-DRH (July 24, 2017)).

In the drug case, Petitioner was sentenced in September 2015 to 27 months, to be served consecutively to his 188-month kidnapping sentence. (Docs. 539, 542 in Case No. 13-cr-30125). That conviction and sentence were affirmed on appeal. *United States v. Jenkins*, 850 F.3d 912 (7th Cir. Mar. 13, 2017).

### **The Petition**

Petitioner seeks release on bond, under any condition deemed appropriate by the Court, while the petition for *certiorari* remains pending. He has been held at the White County Jail since July 24, 2017, under "unbearable" conditions. (Doc. 1-1, pp. 3, 17-18). He points out that he has been in custody for approximately 6 years, far longer than the 27-month sentence for his drug case, which was to "run consecutive to the kidnapping case (which is vacated)." (Doc. 1-1, p. 6). During Petitioner's 6 years in custody, he has made significant efforts to rehabilitate himself by maintaining employment during the entire time he has been in federal prison, avoiding disciplinary infractions, taking classes, and signing up for the anger management program. (Doc. 1-1, pp. 16-17). He has

maintained strong family ties, and his family will take responsibility to ensure his appearance in court if he is released. (Doc. 1-1, p. 17). He argues that he is not a danger to the community and does not pose a flight risk. (Doc. 1-1, pp. 21-26).

## Discussion

Petitioner's choice to seek release on bond in this habeas proceeding, rather than in his remanded criminal proceeding where he is represented by counsel, appears to be an attempt to make an end-run around the usual procedure for seeking bond in the criminal case itself. The Supreme Court has noted that a District Court "should withhold relief in [a] collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951) (remanding to district court with directions to dismiss habeas petition without prejudice, and instructing prisoners to seek reduction of bail in criminal proceeding). Petitioner has not sought release on bond in his criminal case since the appellate court's decision. Additionally, the Seventh Circuit has observed that while a district judge in a habeas proceeding has the "inherent power" to admit a petitioner to bail while the habeas case is pending, this is a "power to be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337-38 (7th Cir. 1985). The court explained, "A defendant whose conviction has been affirmed on appeal . . . is unlikely to have been convicted unjustly[.]" *Id.*

This commentary is instructive in Petitioner's case, because while the Seventh Circuit reversed his conviction for using or carrying a firearm to commit

4

a federal crime of violence (18 U.S.C. § 924(c)(1)(A)(ii) (Count II), the court did not reverse the kidnapping conviction. *United States v. Jenkins*, 849 F.3d 390, 395 (7th Cir.), *reh'g denied* (Apr. 20, 2017). Petitioner was sentenced to 188 months for kidnapping, and he has not completed serving that sentence. At this juncture, Petitioner is not being imprisoned beyond the term of his federal sentences, and his continued confinement does not violate the Constitution.

Furthermore, the allegedly onerous conditions in the White County Jail, even if they are unconstitutional, would not provide grounds for Petitioner to be released. A § 2241 proceeding is not an appropriate action for an inquiry into the conditions of a prisoner's confinement. *See Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A challenge to the conditions of confinement must instead be brought as a civil rights action under 42 U.S.C. § 1983 (if against state officials), or pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), if the Defendants are federal officers. That being said, the Court expresses no opinion on the potential merits of such a suit. Release from custody is not an available remedy in a civil rights case.

Petitioner shall note that if he wishes to file a motion in his criminal case to seek release on bond, he must do so through his appointed counsel. The Court does not accept *pro se* filings from a party who is represented by an attorney.

## Disposition

For the above reasons, the Court finds no basis to grant habeas relief under

the umbrella of 28 U.S.C. § 2241.  Accordingly, the Petition is summarily **DISMISSED** without prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.26 05:07:58
-05'00'

**United States District Judge**